UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CIVIL NO. 3:02CR191 (CFD)** |
| | : | **CRIM. NO. 3:03CV1978(CFD)** |
| v. | : | |
| | : | |
| **SAMMY VIRELLA** | : | **January 18, 2008** |

### UNITED STATES' STATUS REPORT RE: SAMMY VIRELLA'S MOTION TO VACATE SET ASIDE, OR CORRECT SENTENCE

The petitioner Sammy Virella was arrested on a criminal complaint on June 24, 2002, and presented before Magistrate Judge Smith that same day.  Mr. Virella was detained pretrial.  An indictment charging him with multiple crimes was unsealed on July 24, 2002, and Mr. Virella pleaded not guilty the next day.  On September 19, 2002, Mr. Virella pleaded guilty Count One of the indictment.  Thereafter, on December 19, 2002, this Court conducted a sentencing hearing and imposed a term of incarceration of 168 months of imprisonment to be followed by a five year term of supervised release.  *See* Judgment [Doc. No. 244].  According to the Federal Bureau of Prisons' inmate locator, Mr. Virella is incarcerated at Devens Federal Medical Center in Massachusetts with an expected release date of February 14, 2015.

Mr. Virella did not appeal his conviction or sentence. Rather, on November 17, 2003, he filed a motion to vacate his conviction under 28 U.S.C. § 2255.  On February 9, 2004, the Court directed that a copy of the petition be served on the

government.  *See* Doc. No. 488.  This appears to have been accomplished, because a copy of the order is in the government's closed file; however, the undersigned has no recollection of ever receiving the same and has obviously never responded.

The undersigned has now reviewed Mr. Virella's petition.  In his papers, Mr. Virella asserts that prior to his arrest he lapsed into a highly debilitating coma and, as a result, lost the ability to read, write or otherwise comprehend everyday matters.  He challenges his conviction on the following grounds: (1) defense counsel ineffectively failed to alert the Court to Mr. Virella's mental illness and health issues or, alternatively, ineffectively failed to move for a downward departure on the mental health grounds and (2) the Court failed to determine whether Mr. Virella was competent to stand trial or enter a plea of guilty.

To properly respond to Mr. Virella's claims, the undersigned believes that a review of the change of plea hearing and sentencing hearing must be undertaken.  It is counsel's recollection that the parties were aware of Mr. Virella's health issues and addressed the Court accordingly.  It is, moreover, counsel's distinct impression that the Court conducted an appropriate canvas of the defendant to determine whether the defendant was able to understand the proceedings and knowingly and intelligently plead guilty.  Ultimately, an examination of

the transcripts is necessary. To that end, the government has ordered copies of the change of plea hearing and sentencing hearing conducted on September 19, 2002 and December 17, 2002, respectively. Upon information and belief, these transcripts will be available in approximately ten days. The government will be able to file its response to Mr. Virella's claims within thirty days of receiving the transcripts. Accordingly, the government will file a response by no later than February 29, 2008, unless ordered by the Court to proceed differently.

    Respectfully submitted,
KEVIN J. O'CONNOR
UNITED STATES ATTORNEY


MICHAEL J. GUSTAFSON
ASSISTANT U.S. ATTORNEY
157 Church Street
New Haven, CT 06510
Telephone No. (203) 821-3700
Federal Bar No. CT01503

## **CERTIFICATION**

    I hereby certify that a copy of the foregoing status report was mailed this ___ day of January 2008, to:

Samuel Virella
#14038-014
Devens FMC
Box 879
Ayer, Mass. 01432

Gary D. Weinberger
Federal Public Defender's Office
10 Columbus Blvd,, 6th floor
Hartford, CT 06106

_____
MICHAEL J. GUSTAFSON